IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
vs.                        )          Case No. 99-CR-020-TCK
                           )                 (02-CV-829-TCK-SAJ)
KENNETH MAURICE WOODS,     )
                           )
        Defendant.         )

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 (Dkt. # 556) filed by Defendant Kenneth Maurice Woods ("Defendant" or "Woods").

Defendant also filed a "motion for leave of the Court to supplement and amend issues raised in

motion 28 U.S.C. § 2255" (Dkt. # 581), and two "motions to amend 28 U.S.C. § 2255" (Dkt. #s 595

and 607). The Government filed a response (Dkt. # 600), along with an Appendix (Dkt. # 601).

Defendant filed a reply (Dkt. # 604). The government filed a response to Defendant's motions to

amend (Dkt. # 633). Defendant filed a reply (Dkt. # 638) to the government's response. Most

recently, Defendant filed a "motion to enter an order" (Dkt. # 756). For the reasons discussed below,

the Court finds Defendant's § 2255 motion shall be denied. Defendant's motions to amend and

supplement the § 2255 motion shall be denied. As a result of today's ruling, Defendant's motion

to enter an order shall be declared moot.

## BACKGROUND

On May 27, 1999, Defendant Kenneth Woods, along with 16 co-defendants, was charged

in a 13-count second superseding indictment (Dkt. # 147). Woods was charged with conspiracy to

distribute various controlled drugs (Count I) and with distributing heroin (Count XI). Jury trial

commenced on August 30, 1999, for Woods and his co-defendants Eskridge, Iiland, and McCalister. Woods was represented by attorney Randal D. Morley. On September 21, 1999, the jury returned its verdict (Dkt. # 250) finding Woods guilty as to Counts I and XI.  On February 16, 2000, Woods was sentenced to 216 months imprisonment on Counts I and XI, to run concurrently, followed thereafter by five (5) years of supervised release as to each count, to run concurrently. See Dkt. # 409. Judgment (Dkt. # 409) was entered February 29, 2000.

Woods appealed to the Tenth Circuit Court of Appeals. He continued to be represented by attorney Randal D. Morley. In his opening brief, Woods raised eight (8) grounds of error, as follows: (1) there was a prejudicial variance between the allegations in the indictment and the evidence adduced at trial in that the indictment charged one conspiracy and the evidence adduced at trial indicated there were in fact seven conspiracies, and that Woods was only involved in one of the seven; (2) the district court erred in refusing to strike the improper co-conspirator statement of Iiland after Iiland's motion for acquittal on the conspiracy charge was granted by the district court; (3) the government's witnesses, Christopher Peters, an F.B.I. agent, and Dale Francetic, a Tulsa police officer, were allowed to remain in the courtroom during the trial, which violated Fed. R. Evid. 615; (4) Woods' convictions were based on perjured testimony of Secret Service Special Agent Parkman and witness Pearson; (5) improper restriction of counsel for Woods in his cross-examination of government witness Timbrook; (6) cumulative error; (7) insufficient evidence to support Woods' conviction on Count XI; and (8) the district court misapplied the Sentencing Guidelines in factoring into Woods' base offense level drugs found in Kathy Cooper's home on June 16, 1996. See Dkt. # 519. Woods also filed a supplemental brief on direct appeal arguing that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment was fatally defective because neither Count I nor Count

XI identified both the precise drug involved and the quantity thereof, and that, at the least, Woods' sentence should have been vacated and the matter remanded for resentencing in accord with Apprendi. By Order dated July 3, 2001 (Dkt. # 519; United States v. Busby, 2001 WL 744973 (10th Cir. July 3, 2001) (unpublished)), the Tenth Circuit found no merit to any of Woods' arguments and affirmed this Court's Judgment.

On September 28, 2001, Woods filed a petition for writ of *certiorari* at the United States Supreme Court. See Dkt. # 526. The petition was denied on October 29, 2001. See Dkt. # 529.

On October 28, 2002, Defendant filed the instant § 2255 motion (Dkt. # 556).  He raises four (4) claims[1] as follows: (1) the government failed to prove the essential elements of the offenses charged to prove a single conspiracy, (2) the district court committed plain error by sentencing the Defendant under the Sentencing Guidelines to an increased sentence based upon inaccurate information in the presentence investigation report proffered by the government, (3) counsel's failure to make objections during trial and/or at sentencing as well as raise meritorious defense on appeal constitutes ineffective assistance of counsel, and (4) enhancement of federal sentence utilizing prior state court conviction constitutes multiple punishments triggering double jeopardy protections. See Dkt. # 556.

On February 18, 2003, before the government filed its response to the § 2255 motion, Woods filed a "motion for leave of the Court to supplement and amend issues raised in motion 28 U.S.C. § 2255" (Dkt. # 581).  In that motion, Petitioner indicates he has an "additional issue" and that amendment of ground two is necessary to delete a reference to 40 grams of heroin.  On June 17, 2003, Defendant filed a second motion to amend (Dkt. # 595), asserting that he had become aware

---

[1] Defendant labels both his third and fourth grounds for relief as "ground three."

3

that one of his co-conspirators had cooperated with the government and that <u>Apprendi v. New Jersey</u> may apply.  On December 10, 2003, after the government filed its response to the § 2255 motion, Woods filed a third motion to amend (Dkt. # 607).  In his third motion to amend, Woods identifies two (2) additional claims, as follows: (1) the general verdict only authorizes the district court to sentence Petitioner to the lesser included offense, conspiracy to distribute five (5) grams of heroin, or § 843(b), and (2) ineffective assistance of counsel for failing to raise the ambiguous general verdict issue at sentencing or on direct appeal.  <u>See</u> Dkt. # 607.

On July 25, 2003, the government filed its response (Dkt. # 600) to Woods' § 2255 motion. The government also filed an appendix of exhibits (Dkt. # 601).  Woods filed his reply (Dkt. # 604) on August 27, 2003.

## *ANALYSIS*

### A.  Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); <u>see also</u> <u>Townsend v. Sain</u>, 372 U.S. 293, 318 (1963), *overruled in part by* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992); <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Motions to "amend" and "supplement" (Dkt. #s 581, 595, 607)

#### *1. Third motion to amend (Dkt. # 607)*

In his most recent motion to amend (Dkt. # 607), Defendant requests that he be allowed to add new claims, based on facts unrelated to the original claims. Upon review of the new claims, the Court finds it is precluded from considering the new claims because they do not "relate back" to the

4

original § 2255 motion and are barred by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act "(AEDPA").[2]

Pursuant to Fed. R. Civ. P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). "Relation back" causes otherwise untimely claims, such as Defendant's new claims in this case, to be considered timely by treating them as if they had been filed when the timely claims were filed. Therefore, the new claims in Defendant's motion to amend will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.

Defendant's third motion to amend, filed December 10, 2003 (Dkt. # 607), or well after the AEDPA deadline, contains two (2) new claims: (1) the general verdict only authorizes the district court to sentence petition to the lesser included offense, conspiracy to distribute five (5) grams of heroin, and (2) ineffective assistance of counsel for failing to raise the ambiguous general verdict issue at sentencing or on direct appeal. Neither claim serves to clarify his original § 2255 claims. Instead each claim is new, totally separate and distinct "in both time and type" from those raised in his original motion. See Mayle v. Felix, 545 U.S. 644 (2005) (discussing interaction of Federal Rules of Civil Procedure and habeas corpus rules and finding that "[s]o long as the original and

---

[2]Defendant's conviction became final on October 29, 2001, when the Supreme Court denied his petition for writ of *certiorari*. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004). Thus, Defendant had until October 29, 2002, to file a timely § 2255 motion. Defendant filed his original motion on October 28, 2002, or only one (1) day before the deadline. Defendant's motions to amend were all filed after expiration of the one-year limitations period.

amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"); <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501, 504-505 (10th Cir. 2000); <u>Davenport v. United States</u>, 217 F.3d 1341, 1344-1345 (11th Cir. 2000); <u>United States v. Craycraft</u>, 167 F.3d 451, 457 (8th Cir. 1999). Because a majority of amendments to § 2255 motions raise issues which relate to a defendant's trial and sentencing, to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period. <u>See</u> <u>United States v. Pittman</u>, 209 F.3d 314, 318 (4th Cir. 2000) (stating that to allow untimely amendments bringing new claims arising out of the same trial proceeding as the original claims, "would undermine the limitations period set by Congress in the AEDPA"); <u>United States v. Duffus</u>, 174 F.3d 333, 337 (3d Cir. 1999) (holding that granting motion to amend "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). Therefore, under the circumstances here, the relation back provision of Rule 15(c) cannot be applied to save Defendant's new claims asserted in the third motion to amend. Therefore, his third motion to amend (Dkt. # 607) shall be denied.

### 2. First motion to "supplement and amend" (Dkt. # 581)

On February 18, 2003, Defendant filed his first motion to "supplement and amend" (Dkt. # 581). He requests leave to add to his § 2255 motion a claim arising from action taken by the Court on January 13, 2003, dismissing the conspiracy conviction of co-defendant Robert Eskridge, <u>see</u> Dkt. # 576, and to supplement ground two of his motion with additional drug quantity information. The Court finds this motion to amend and supplement should be denied.

First, the dismissal of Defendant Eskridge's conspiracy conviction resulted from that defendant's additional continuing criminal enterprise ("CCE") conviction. <u>See</u> Dkt. # 576.

Defendant Woods was not convicted of CCE. Therefore, the action taken by the Court as to Defendant Eskridge was unrelated to and had no impact on Defendant Woods' convictions. It would be futile to allow Defendant to amend to add this claim as it is meritless. Next, Defendant's request to supplement ground two of his § 2255 motion with additional drug quantity information shall be denied. As determined in part C below, ground two of the § 2255 motion is procedurally barred because it was not presented on direct appeal. As a result, to allow supplementation of ground two would be futile. Therefore, the first motion to amend (Dkt. # 581) shall be denied.

### 3. Second motion to amend (Dkt. # 595)

In his second motion to amend (Dkt. # 595), Defendant makes a conclusory statement of fact concerning a co-conspirator's cooperation with the government and also states that "a recent Supreme Court ruling in Apprendi v. New Jersey may also apply." The Court finds this motion to amend should be denied.

First, Defendant's statement about a co-conspirator's cooperation with the government does not provide enough information to apprise the Court or the government of a claim for relief under § 2255. Even if the statement could somehow be construed as a claim for relief, it would be a new claim that does not relate back to the original § 2255. For the reasons discussed above, the new claim would be barred by the one-year statute of limitations. Next, consideration of a claim based on Apprendi is foreclosed by the Tenth Circuit's adjudication of Defendant's supplemental brief filed on direct appeal. Therefore, the second motion to amend (Dkt. # 595) shall be denied.

## C.  Section 2255 claims

As stated above, Woods identifies four (4) claims in his 28 U.S.C. § 2255 motion. Having reviewed the motion, the Court finds that the claims either lack merit or are procedurally barred.

### *1. Issues adjudicated on direct appeal are barred from consideration under § 2255*

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255 ." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989); see also United States v. Chiquito, 2008 WL 2669666 (10th Cir. May 21,2008) (unpublished); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (affirming district court's dismissal of § 2255 issues previously resolved on direct appeal). In his first two (2) grounds of error, Woods presents numerous arguments which were adjudicated by the Tenth Circuit Court of Appeals on direct appeal. Specifically, Woods' allegations that a "fatal variance" existed between the conspiracies proved and the single conspiracy with which he was charged, that this Court erred in refusing to strike co-defendant Iiland's "improper" statement after granting Iiland's motion for acquittal on the conspiracy charge, that several witnesses gave perjured testimony, that this Court improperly restricted counsel's cross-examination of a government witness, that cumulative error existed, that there was insufficient evidence to support the conviction on Count XI, and that this Court misapplied the Sentencing Guidelines in considering drugs found in the home of Kathy Cooper, were all considered and rejected by the Tenth Circuit on direct appeal.  See Dkt. # 601, Ex. 1.  Woods has failed to demonstrate the existence of an intervening change in the law of this circuit or any other reason justifying reconsideration of the Tenth Circuit's rejection of these claims. His request for relief under § 2255 on those grounds shall be denied.

### *2. Claims that could have been raised on direct appeal are procedurally barred*

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." Warner, 23 F.3d at 291.  Defendant raises numerous issues in his §

8

2255 motion that could have been but were not raised on direct appeal.  Those issues include: improper conduct by the prosecutor in pressuring, intimidating, threatening and coercing certain testimony from witnesses, error by the district court in denying Woods' motion for acquittal, violation of his right to confront witnesses as guaranteed by the Sixth Amendment, insufficient evidence linking Woods to the conspiracy or to a furtherance of the conspiracies, insufficient evidence of interdependence among the conspirators, his jury was prejudiced by hearing evidence of conspiracies with which Woods had no involvement, the district court erred in denying his motion for severance, a double jeopardy violation resulted when his offense level was increased based on offenses for which he had been convicted under state law, and the district court erred in basing his offense level on erroneous calculations of drug quantities. See Dkt. # 556. As a result of Defendant's failure to raise those claims on direct appeal, they are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed.  United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The procedural default rules developed in the context of § 2254 habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence or a change in the law.  Id.  Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default.  Cook, 45 F.3d at 392.  As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady,

456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 604) to Respondent's response, Defendant argues as "cause" that his counsel provided ineffective assistance in failing to raise the claims at trial and on appeal. However, as discussed in more detail below, counsel did not provide ineffective assistance at trial or on appeal. Therefore, Woods has failed to demonstrate "cause" to overcome the procedural bar.

Under the fundamental miscarriage of justice exception, a defendant may obtain review of his defaulted claims by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Defendant does not state that he is actually innocent of the crimes for which he was convicted. In fact, Defendant admits in his reply to the government's response to the § 2255 motion, that he was a part, albeit a small part, of the conspiracy. See Dkt. # 604 at 4. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that Defendant's challenges which could have been but were not raised on direct appeal shall be denied as procedurally barred.

10

### 3. Ineffective assistance of counsel claims lack merit

As his third ground of error, Woods alleges that his attorney provided ineffective assistance in failing to object to the perjured testimony of certain witnesses or develop a defense based on perjured testimony, failing to object to prosecutorial misconduct, failing to raise the defense of double jeopardy, failing to object to deficient jury instructions, failing to require the government to prove the type and quantity of drugs, in failing to protect his rights at sentencing, and failing to raise certain issues on direct appeal.  See Dkt. # 556.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.  Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. Cook, 45 F.3d at 393.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>see</u> <u>also</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369-70 (1993).

When a defendant alleges his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. <u>Cook</u>, 45 F.3d at 392. If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. <u>Id.</u> at 393.

The Court has reviewed Defendant's allegations of ineffective assistance of counsel and finds that counsel did not perform deficiently. The Court first notes that many of Defendant's claims of ineffective assistance of counsel, particularly the claims asserted in the reply to the government's response, <u>see</u> Dkt. # 604, are in large part, conclusory and unsupported with factual bases.  As a result, those claims may be denied. <u>United States v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994). Defendant has, however, asserted a factual basis for some of his claims and the Court will analyze those claims under the <u>Strickland</u> standard.

Defendant first complains that his attorney provided ineffective assistance in failing to object to perjured testimony by witnesses Secret Service Special Agent Mark Parkman, Julia Pearson, and Kathy Cooper. Issues regarding the testimony of those three witnesses were raised by counsel on direct appeal where they were rejected. <u>See</u> Dkt. # 519.  As a result, Defendant's attorney did not perform deficiently in failing to object at the time of the testimony.

The Court also finds that counsel did not perform deficiently in failing to object to the government's badgering of witness Linda Green. The record reflects that Ms. Green acknowledged that she failed to tell the truth to the grand jury at first, but that she corrected her testimony when certain questions were repeated. In addition very little of Ms. Green's testimony involved Woods.

13

None of her testimony affected the outcome of Woods' trial. As a result, Defendant's attorney did not perform deficiently in failing to object to the prosecutor's questioning of Ms. Green.

Next, Defendant alleges that his attorney provided ineffective assistance in failing to object based on double jeopardy to the inclusion of prior state offenses, specifically convictions entered in Tulsa County District Court, Case No. CF-1996-842, as part of the federal conspiracy. The Court finds the counsel did not perform deficiently in failing to object since there was no double jeopardy violation. The Double Jeopardy Clause of the Fifth Amendment states "no person ... shall ... be subject to the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It is well established that "prosecutions undertaken by separate sovereign governments, no matter how similar they may be in character, do not raise the specter of double jeopardy as that constitutional doctrine is commonly understood." United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir. 1998) (quoting United States v. Guzman, 85 F.3d 823, 826 (1st Cir. 1996)). The dual sovereignty doctrine rests upon the notion that "laws of separate sovereigns are indeed separate and that one act may violate the laws of each; accordingly, prosecution by each cannot be for the same offense." United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir. 1991). A double jeopardy violation is not implicated even if some of the overt acts contained in the federal conspiracy count encompass Defendant's prior state convictions. See Raymer, 941 F.2d at 1038. Under the facts of this case, the Court finds that Defendant's attorney did not perform deficiently in failing to object on principles of double jeopardy to the inclusion of the state convictions as part of the federal conspiracy.

The Court also finds that no double jeopardy violation occurred at sentencing. The Supreme Court has held that reliance upon prior criminal activity to enhance a defendant's sentence does not function to punish the prior criminal conduct, therefore such reliance on prior criminal activity in

14

sentencing does not give rise to a double jeopardy claim. See Witte v. United States, 515 U.S. 389, 400-03 (1995) (noting that the criminal history provisions of the sentencing guidelines "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity"); accord United States v. Hawley, 93 F.3d 682, 688 (10th Cir. 1996); see also Gryger v. Burke, 334 U.S. 728, 732 (1948). Thus, use of Defendant's state convictions to enhance his federal sentence did not violate the Double Jeopardy Clause of the Constitution. Counsel did not perform deficiently in failing to object to use of Defendant's state court convictions to enhance his sentence.

Defendant's complaint concerning counsel's failure to object to allegedly deficient jury instructions is also meritless. Defendant claims the Court erred in failing to instruct on the definition of "multiple conspiracy." See Dkt. # 556 at 47. However, the Court has reviewed the instruction given to the jury at the request of Defendant's attorney in light of the instructions as a whole, see Dkt. # 247, and finds that the instructions served to guide the jury fairly. See United States v. Wiktor, 146 F.3d 815, 817 (10th Cir. 1998). Therefore, Defendant's attorney did not perform deficiently in failing to object to the instruction he requested and which was given by the trial court.

Defendant also complains that counsel provided ineffective assistance in failing to object to the inclusion of drugs recovered from Kathy Cooper's home in the drug type and quantity calculation based on a lack of evidence demonstrating that he had dominion and control of the drugs. At trial, the government presented evidence of the type and quantities of drugs recovered from the home of Kathy Cooper and that they were linked to Woods. See Dkt. # 601, Ex.4, Tr. Trans. Vol. II at 155-58, 193-95. Furthermore, the Tenth Circuit rejected Defendant's direct appeal claim that

15

the government failed to demonstrate that he had dominion and control over drugs found at the home of Kathy Cooper. As a result, any argument by Defendant that the drugs found at Kathy Cooper's home should have been excluded is precluded. Defendant has failed to produce additional argument or evidence that his counsel could have presented that would have altered the Court's determination. After review of the record in light of Defendant's argument, the Court concludes that counsel did not perform deficiently in failing to object to the drug type and quantity at trial.

Next, Defendant complains that counsel failed to object to protect his rights at sentencing when he failed to investigate the facts used to determine his offense level and sentencing range under the guidelines. In direct contrast to Defendant's allegations, the record demonstrates that his attorney raised objections to the Presentence report, at sentencing, and on appeal. All of his objections were overruled or otherwise rejected. Defendant's attorney did not perform deficiently with regard to sentencing.

Finally, Defendant complains that his attorney provided ineffective assistance by failing to raise issues on appeal. The omitted claims include: improper conduct by the prosecutor in pressuring, intimidating, threatening and coercing certain testimony from witnesses, error by the district court in denying Woods' motion for acquittal, violation of his right to confront witnesses as guaranteed by the Sixth Amendment, insufficient evidence linking Woods to the conspiracy or to a furtherance of the conspiracies, insufficient evidence of interdependence among the conspirators, his jury was prejudiced by hearing evidence of conspiracies with which Woods had no involvement, the district court erred in denying his motion for severance, a double jeopardy violation resulted when his offense level was increased based on offenses for which he had been convicted under state law, and the district court erred in basing his offense level on erroneous calculations of drug

16

quantities.

The Court has reviewed the merits of several of the omitted claims, including prosecutorial misconduct in coercing testimony, violation of double jeopardy principles resulting from including state convictions in determining offense level, and erroneous drug quantities used to determine offense level, in analyzing Defendant's ineffective assistance of trial counsel claims and found none of them to be meritorious. As the claims lack merit, appellate counsel did not perform deficiently in raising the claims on direct appeal. The Court further finds that Defendant's claims of error resulting from the denial of his motion for acquittal, a violation of the Sixth Amendment's confrontation clause, insufficiency of the evidence supporting the conspiracy conviction, and the denial of his motion for severance, are all without merit and appellate counsel did not perform deficiently in raising the claims on direct appeal.

Under the test for evaluating the sufficiency of the evidence, as announced by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979), the evidence, taken as a whole, was sufficient for the jury to find beyond a reasonable doubt that Woods was guilty of the crimes charged. As a result, Defendant's instant claims that his appellate counsel provided ineffective assistance in failing to argue on direct appeal that the government's evidence was insufficient to support the conspiracy conviction and in failing to assert that the Court erred in denying his motion for acquittal, are without merit. There was clearly sufficient evidence supporting the conspiracy conviction.

The Court also finds that appellate counsel was not ineffective in failing to argue on appeal that this Court erred in denying his motion for a severance. Rule 14, *Federal Rules of Criminal Procedure*, permits a court to order severance of consolidated trials if consolidation appears to

17

prejudice a defendant. Fed. R. Crim. P. 14. Severance is not mandated, however, whenever codefendants have conflicting defenses. Zafiro v. United States, 506 U.S. 534, 538 (1993). "Mutually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Id. at 538-39. A court need only sever trials when there "is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Woods has failed to demonstrate that being tried jointly compromised a specific trial right or prevented his jury from making a reliable judgment about guilt or innocence. Woods does assert that because he was tried jointly with his three (3) co-defendants, the jury heard evidence of conspiracies with which he had no involvement. That assertion, however, does not evidence an abuse of discretion by the Court in denying Woods' motion to sever. The jury heard considerable testimony concerning Woods' involvement in the drug distribution conspiracy. Furthermore, as noted by the government in response to Woods' § 2255 motion, Woods' co-defendant McCalister asserted on direct appeal that the Court erred in denying his motion to sever. The Tenth Circuit rejected the claim. See Dkt. # 601, Ex. 1. Nothing suggests Woods' appeal would have had a different outcome had his appellate attorney raised this issue. The Court concludes, therefore, that appellate counsel did not provide ineffective assistance in failing to raise this claim on direct appeal.

Lastly, the Court finds appellate counsel did not perform deficiently in failing to argue on direct appeal that Woods was denied his right under the Sixth Amendment to confront witnesses when the government called an agent to testify instead of an informant named Hatcher. According to Woods, the government's informant, Boyd Hatcher, was not called to testify because of his

involvement in the overdose and death of a young woman. See Dkt. # 556 at 8. Woods complains that instead, the government called Agent Francetic who testified "for Mr. Hatcher as to drug buys and deliveries under oath." Id. Woods fails to allege, however, how he was prejudiced by the government's failure to call Mr. Hatcher as a witness or how Hatcher's alleged involvement in the young woman's death impacted Agent Francetic's testimony concerning drug transactions involving Woods or defense counsel's ability to cross-examine the agent. In addition, counsel did claim on direct appeal that the Court improperly restricted his cross-examination of the government's witness, Timbrook, concerning her involvement in disposing of the young woman's body. The Tenth Circuit rejected that claim. The Court concludes that appellate counsel did not perform deficiently in failing to raise this claim concerning Hatcher on direct appeal.

In summary, the Court finds Defendant has failed to satisfy the Strickland standard as to his attorney's assistance provided at trial and on appeal. Defendant's attorney did not perform deficiently in failing to object at trial or in failing to raise the omitted claims on direct appeal because the claims lack merit. Furthermore, nothing alleged by Defendant convinces the Court that the outcome of the trial or direct appeal would have been different without the incidents of alleged deficient performance by counsel. As a result, Defendant has failed to satisfy the Strickland standard and Defendant is not entitled to § 2255 relief on his ineffective assistance of trial and appellate counsel claims.  Strickland, 466 U.S. at 687.

## CONCLUSION

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion.  Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Defendant's motions to supplement and amend (Dkt. #s 581, 595 and 607) are **denied**.

2.      Defendant's motion to enter an order (Dkt. # 756) is **declared moot**.

3.      Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255

(Dkt. # 556) is **denied**.

4.      A separate judgment in favor of the government shall be entered in this matter.


DATED THIS 28th day of July, 2008.


_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE