IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 99-CR-20-TCK |
| KENNETH MAURICE WOODS, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. 903). Also before the Court is Woods' *pro se* Motion to Supplement and/or Expand the Record with Additional Facts in Support of Petitioner's Motion for Evidentiary Hearing ("Motion to Supplement") (Doc. 918).

**I.     Background**

In September 1999, Woods was convicted of one count of conspiracy to distribute various controlled substances and one count of distributing heroin. Woods was sentenced to 216 months imprisonment, and his conviction was affirmed on direct appeal. On October 28, 2002, Woods filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which this Court denied. On March 18, 2009, the Tenth Circuit denied Defendant's request for a certificate of appealability.

On June 10, 2011, a jury convicted former Tulsa Police Department Officer Harold Wells ("Wells") of five federal crimes. (*See United States v. Wells*, 10-CR-116-BDB (Doc. 242).) After the trial judge granted Wells' motion for a judgment of acquittal as to one count, Wells was ultimately convicted of the following four crimes: (1) conspiracy to possess with intent to distribute methamphetamine; (2) conspiracy to steal public funds; (3) theft of more than $1000 of public funds;

and (4) use of a communications facility to facilitate commission of a drug felony. (*See id.* (Doc. 281).)

On March 15, 2012, Mr. Wesley Johnson filed the § 2255 Motion on behalf of Woods, arguing that Wells' testimony at Woods' trial "can no longer be relied on as credible because of his police corruption conviction." (§ 2255 Mot. at 4.) This argument, which is labeled as "Ground 1," appears to be the only argument asserted by counsel. With respect to timeliness, Mr. Johnson argued that the § 2255 Motion was timely filed on March 15, 2012 because "June 10, 2011 is the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," in accordance with 28 U.S.C. § 2255(f)(4).

Attached as Exhibit 1 to the § 2255 Motion is a *pro se* brief by Woods, which presents "Ground 2." In Ground 2, Woods argues that evidence allegedly recovered by Wells and Officer John Gray ("Gray") during various searches relevant to Woods' conviction should have been excluded due to these officers' planting of evidence, fabricating search warrants, and other misconduct. In the *pro se* Motion to Supplement, Woods seeks to supplement the record with testimony by Wells in an evidentiary hearing conducted by Judge Payne in *United States v. Williams*, 97-CR-171-JHP, on July 2, 2012.[1]

---

[1] In *Williams*, the defendant alleged that unlawful conduct by Wells, Gray, and federal prosecutors led to his arrest and conviction and filed a motion to withdraw his guilty plea. Judge Payne construed the motion as one made pursuant to Federal Rule of Civil Procedure 60(d)(3) and held that "because Defendant seeks relief based on a fraud upon the court claim, it is distinct from a habeas petition and is not governed by AEDPA." *See id.* at *5. *Williams* is of questionable precedential value in light of the Tenth Circuit's decision in *United States v. Baker*, --- F.3d ----, 2013 WL 1867427, at * 2 (10th Cir. 2013) (holding that motions labeled as Rule 60(d)(3) must be considered second or successive habeas petitions if they allege "fraud on the court" that occurred during the original criminal proceeding).

**II.     Discussion**

The Court concludes that: (1) the Court lacks jurisdiction over the § 2255 Motion because it is Woods' second § 2255 Motion; and (2) transfer of the § 2255 Motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631 is in the interest of justice.[2] The Court lacks jurisdiction over the motion because Woods previously filed a § 2255 Motion and has not received authorization to file a second § 2255 motion from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization . . . , the district court may transfer the matter . . . if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. In order to determine whether transfer is in the interest of justice, a court should consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. When the motion "fails on its face to satisfy any of the authorization standards of §

---

[2] This statute provides that if "a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631.

3

2255(h)" and "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion" by electing dismissal. *Id.*

The Court elects to transfer the § 2255 Motion rather than dismiss it. In this case, there is at least some chance that the Tenth Circuit would authorize certification of Ground 1 or Ground 2 pursuant to 28 U.S.C. § 2255(h)(1). *See In re: Robert Eskridge*, Appeal No. 11-5082 (10th Cir. July 7, 2011) (analyzing similar evidence related to Wells' and Gray's involvement in the prosecution of Robert Eskridge, Woods' co-defendant, but ultimately concluding that he had "not made a prima facie showing that [Gray's and Wells' convictions], viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Eskridge guilty of the offense").[3] In *Eskridge*, the Tenth Circuit conducted a fact-specific analysis that turned upon the precise record presented by the *pro se* defendant, and there was a dissenting judge. *See id.* at 15 ("Judge Briscoe dissented and would grant the motion or authorization to file a second or successive § 2255 motion."). This causes the Court to believe that a transfer is in the interest of justice.

### III. Conclusion

The § 2255 Motion (Doc. 903) is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The Motion to Supplement (Doc. 918) is held in abeyance pending the Tenth Circuit's authorization decision.

SO ORDERED this 20th day of June, 2013.

*[signature]*

**TERENCE KERN**
**United States District Judge**

---

[3] This Tenth Circuit Order appears as Doc. 873 in this case.